UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMAL AUSTIN,

    Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

    Defendants.

Case No. 15-cv-00763-HSG

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. Nos. 8, 13, 14

Defendants County of Alameda, Glenn Tafolla, and Frank Gonzalez move to dismiss *pro se* Plaintiff Jamal Austin's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

**I.  BACKGROUND**

Plaintiff filed his complaint on February 19, 2015. Dkt. No. 1 ("Complt."). Plaintiff alleges two causes of action: 1) "Assault/Battery (Gross Negligence)," which the Court construes as a § 1983 excessive force claim; and 2) "Professional Medical Malpractice In RE: Injured Inmate Medical Care," which the Court construes as a § 1983 deliberate indifference claim. The following facts are drawn from Plaintiff's allegations and taken as true for purposes of this motion to dismiss.

    **A.  Excessive Force Allegations**

In May 2013, Plaintiff was a prisoner "being held within the complete custody, control, and care of the Alameda Co. Sheriff Dept." Complt. at 3:27-4:1. Defendants Tafolla and Gonzalez were "Alameda Co. Sheriff Deputies." *Id.* at 5:28-6:1. After appearing *pro se* for a hearing, Plaintiff was waiting to receive copies of court documents in the "Inmate Holding Tank" of Wiley Manuel Courthouse in Oakland. *Id.* at 4:9-10, 16-17, 28. "[U]pon . . . hearing the sound of the buzzer, which indicates to inmates, that the cell-door of the Inmate Holding Tank is about to

open, . . . Plaintiff again rose to move towards the cell-door." *Id.* at 4:26-5:1. "Before and [w]ithout asking Plaintiff any questions or making any [s]tatements, Defendant Tafolla suddenly yanked Plaintiff out of the Dept. 115 Inmate Holding Tank" and "violently threw Plaintiff to pavement in [the] Hallway Area." *Id.* at 5:2-12. Defendants Tafolla and Gonzalez then "engaged in savage beating" that "cause[d] Plaintiff injury," "slamming Plaintiff's head, tasing, and so repetitiously punching Plaintiff until he lay soaked in a pool of his own blood." *Id.* at 6:2-7, 7:3-4. Throughout the incident, "Plaintiff was peaceful" and "at no time posed any immediate, imminent, or otherwise threat to anyone." *Id.* at 6:17, 26-27.

As a result of Defendants' excessive force, Plaintiff suffered injury to "his health, strength, mobility, activity, and . . . his nervous system and person, all of which injuries caused, and since then continue to cause, Plaintiff great mental, physical, emotional, and nervous pain/suffering." *Id.* at 9:5-10. Furthermore, "Plaintiff is informed and believes . . . that these injuries will or have resulted in permanent disability to him." *Id.* at 9:11-14.

**B.     Deliberate Indifference Allegations**

Santa Rita County Jail employs physicians, dentists, and other medical professionals to provide medical care to inmates. *Id.* at 9:21-23. After the excessive force incident described above, Plaintiff sought treatment from medical professionals at Santa Rita County Jail "for Plaintiff's possible [broken jaw] and possible [broken nose] fracture." *Id.* at 10:8-9 (brackets in original). On May 8, 2013, a medical professional took x-rays of Plaintiff, but the results of those x-rays were not disclosed to him. *Id.* at 10:10-11. On June 11, 2013, Plaintiff had a follow-up appointment with a dentist at Santa Rita County Jail "for a previous dental Surgery." *Id.* at 10:14-16. At that appointment, the dentist took a second set of x-rays, which "show[ed] Plaintiff'[s] broken jaw fracture." *Id.* at 10:21-26. Although Plaintiff's "jaw [eventually] healed, it apparently was not healing correctly, and later would either require Plaintiff's jaw to be re-broken, or require jaw therapy." *Id.* at 12:13-16.

In April 2014, "after subpoenas of his medical records for another purpose," Plaintiff discovered that Santa Rita County Jail's medical care providers had "erroneously claimed [that] Plaintiff did not suffer a Broken Jaw Fracture" based on the initial set of x-rays taken in May

2013. Because Plaintiff's broken jaw was not diagnosed until the follow-up dentist appointment, "Plaintiff went for about one month before he was placed on a special diet [and] given other appropriate care for a broken[ ] jaw," and in the interim suffered pain and "the detriment of not even knowing his jaw had been broken." *Id.* at 13:10-15. Plaintiff believes that the May 2013 x-rays and medical reports were "concocted[] to hide wrongdoers from liability and being held responsible for breaking Plaintiff's jaw" and bases that belief on the following:

> Plaintiff ma[de] known by complaining to the Judge, Yolanda Northridge, and others, that following the May 07, 2013, Use of Force, no one told Plaintiff his jaw was broken, and how thereupon, J. Northridge began denying Plaintiff's jaw being broken, and subsequently, J. Northridge electing to "recuse" herself after Plaintiff set forth a motion to ask J. Northridge to declare her ability to be fair/impartial. And, moreover, after the revelation, how even the same Dentist who diagnosed Plaintiff's broken-jaw fracture, evidently started to deny Plaintiff had a broken-jaw. Moreover, and because, it does not appear likely to have been "accidental" that June 11, 2013 Xrays could so positively show two sets of Plaintiff's broken-jaw, but a month earlier, on May 08, 2013, in an entirely separate (medical) department, such clear visuals would be totally missed by the person responsible for performing the Xrays, and therefore it appears the person responsible for documenting Plaintiff did not have a broken jaw, presents a question of fact for a jury . . . to adduce evidence or some reasonable explanation other than bad-faith.

*Id.* at 13:25-14:24.

### C. Procedural Background

Defendants filed the present motion to dismiss on March 20, 2015. Dkt. No. 8 ("Mot."). Plaintiff thereafter filed a document titled "Advance Request for Leave to Amend Complaint/Other Relief," Dkt. No. 13, which the Court construes as a motion for leave to file an amended complaint, and a motion to appoint counsel, Dkt. No. 14. Both of Plaintiff's motions are also pending before the Court.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Excessive Force Claim

"[T]he Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002). The Supreme Court recently clarified that a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable" in order to state a claim for excessive force under § 1983. *Kingsley v. Hendrickson*, __ S. Ct. __, 2015 WL 2473447, at *5 (June 22, 2015).

Defendants argue that Plaintiff's excessive force claim is unsupported by sufficient facts and fails to state a claim because 1) "claims asserted directly under the Fourth, Eighth, and Fourteenth Amendments are untenable" and 2) as a pretrial detainee, Plaintiff may not assert a § 1983 claim on the basis of Eighth Amendment violations. Because the Court construes Plaintiff's first cause of action as a § 1983 claim, Defendants' first argument is moot. And while the Court agrees that the facts alleged by Plaintiff do not support a § 1983 claim based on violations of the Eighth Amendment, Defendants do not make any argument to dismiss Plaintiff's § 1983 claim based on *Fourth* Amendment violations. Moreover, the Court finds that Plaintiff's allegations that Defendants Tafolla and Martinez, without any justification or reason, "violently threw" Plaintiff to the ground and "engaged in savage beating" that left Plaintiff lying "soaked in a pool of his own blood" are sufficient to state a § 1983 claim because they describe objectively unreasonable uses of force. Accordingly, Defendants' motion is denied as to Plaintiff's first cause

4

of action.

### C. Deliberate Indifference Claim

A pretrial detainee's claim for deliberate indifference to medical need derives from the substantive due process clause of the Fourteenth Amendment. *See Lolli v. Cnty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). But "a person is liable for denying a prisoner needed medical care only if the person knows of and disregards an excessive risk to inmate health and safety." *Gibson*, 290 F.3d at 1187 (internal quotations omitted). Moreover, "it is not enough that the person merely be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists"—rather, the individual "must also draw that inference." *Id.* at 1188. "If a person should have been aware of the risk, but was not," then there is no basis for a deliberate indifference claim, "no matter how severe the risk." *Id.*

The Court finds that Plaintiff has not alleged facts sufficient to state a § 1983 claim for deliberate indifference to medical need. Plaintiff does not allege that Defendants disregarded a substantial risk that Plaintiff's jaw was broken following the initial set of x-rays in May 2013. Rather, Plaintiff merely alleges that the broken jaw was not diagnosed until the second set of x-rays were taken in June 2013. Following that diagnosis, Plaintiff was promptly placed on a special diet and given other appropriate medical care. Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiff's second cause of action.

### D. *Monell* Claims

Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d at 581; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, plaintiffs must establish that "the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered." *Whitaker*, 486 F.3d at 581 (citations omitted). In order to state a § 1983 claim against a municipal entity, a plaintiff must therefore plead four elements: 1) the plaintiff possesses a constitutional right of which he or

she was deprived; 2) the municipality had a policy, custom, or practice; 3) the policy, custom, or practice amounts to deliberate indifference to the plaintiff's constitutional rights; and 4) the policy, custom, or practice was the moving force behind the constitutional violation. *See Plumeau v. Sch. Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). In order to survive a Rule 12(b)(6) challenge, *Monell* claims "must not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Plaintiff appears to assert both excessive force and deliberate indifference claims against Defendant County of Alameda. However, Plaintiff does not plead specific facts that support the existence of a custom, policy, or practice of Defendant County of Alameda that exhibits deliberate indifference to Plaintiff's constitutional rights. The Court therefore finds that Plaintiff has failed to state § 1983 *Monell* claims against Defendant County of Alameda and accordingly grants Defendants' motion to dismiss such claims.[1]

### E. State Law Claims

Defendants also move to dismiss any state law claims asserted by Plaintiff. Because the Court finds that Plaintiff has not asserted any claims under state law, the Court denies Defendants' motion as to any such claims as moot.[2]

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss Plaintiff's complaint as to the second cause of action for deliberate indifference to medical need and the *Monell* claims. The Court otherwise DENIES Defendants' motion. In light of the resolution of Defendants' motion, the Court DENIES Plaintiff's motion for leave to file an amended complaint as moot. Plaintiff may file an amended complaint within 21 days of

---

[1] Because the Court dismisses all of Plaintiff's claims against Defendant County of Alameda, the Court does not address Defendants' argument regarding punitive damages. However, in the event that Plaintiff attempts to amend his *Monell* claims, the Court cautions Plaintiff that punitive damages are not recoverable under § 1983 against municipalities as a matter of law. *See City of Newport v. Facts Concert, Inc.*, 453 U.S. 247, 271 (1981).
[2] As a result, Defendants' request for judicial notice is also denied as moot. *See* Dkt. No. 8-1.

the date of this Order.

The Court also DENIES Plaintiff's motion to appoint counsel as premature. The Court strongly encourages Plaintiff to schedule an appointment with the *pro se* Legal Help Center, either by calling 415-782-8982 or by signing up in the appointment book located on the table outside the door of the Legal Help Center at the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, in San Francisco, California.

**IT IS SO ORDERED.**

Dated: July 2, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge