UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL AUSTIN,<br>   Plaintiff,<br>  v.<br>COUNTY OF ALAMEDA, et al.,<br>   Defendants. | Case No. 15-cv-00763-HSG<br><br>**ORDER OF DISMISSAL** |

Pro se Plaintiff Jamal Austin filed a complaint on February 19, 2015, alleging two causes of action: (1) "Assault/Battery (Gross Negligence)," and (2) "Professional Medical Malpractice In RE: Injured Inmate Medical Care." Dkt. No. 1. Plaintiff named the County of Alameda, police officers Glen Tafolla and Frank Gonzalez, and various prison medical providers as Defendants. *Id.*

On July 2, 2015, the Court granted in part the motion filed by Defendants County of Alameda, Glenn Tafolla and Frank Gonzalez to dismiss Plaintiff's complaint. Dkt. No. 17.[1] Following a written reminder and an extension of time, Plaintiff filed his second amended complaint on August 10, 2015. Dkt. Nos. 18, 20.

On August 31, 2015, Defendants filed a motion to dismiss Plaintiff's second amended complaint and noticed a hearing for October 8, 2015. Dkt. No. 24. On September 30, 2015, Plaintiff filed a letter stating that he would be unable to attend the October 8 hearing because he

---

[1] The Court mailed Plaintiff a copy of the July 2 Order, Dkt No. 17-1, but Plaintiff states that he never received it, *see* Dkt. Nos. 27, 33, 37. Even if it is true that Plaintiff did not receive a copy of the July 2 Order, that does not excuse his multiple failures to appear in this case. Plaintiff concedes that he received copies of each of the court orders directing him to appear, yet failed to comply with them.

lacked proper identification, had "no funds," and was "under health care provider restrictions." Dkt. No. 27.  In response, the Court mailed Plaintiff a letter allowing him to enter the courthouse without identification.  Dkt. No. 29.  Plaintiff nevertheless failed to appear at the October 8 hearing.  Dkt. No. 30.

At the October 8 hearing, the Court set a case management conference for October 20, 2015 and mailed Plaintiff another letter allowing him to enter the courthouse without identification.  Dkt. No. 31.  Defendants represent that they attempted to contact Plaintiff in preparation for the case management conference, but he was "unreachable and unresponsive to defense counsel's telephone messages."  Dkt. No. 32.  Once again, Plaintiff failed to appear at the October 20 case management conference.  Dkt. No. 35.

On October 21, 2015, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute and set a telephonic hearing for November 10, 2015.  Dkt. No. 34.  Plaintiff submitted a letter claiming that it is "untrue" that he refuses to participate in the litigation, and repeating that he is "currently without funds" and subject to unspecified health care provider restrictions.  Dkt. No. 37.

At the November 10 hearing on the order to show cause, Plaintiff yet again failed to appear.  Dkt. No. 39.  The Court initiated a telephone call to Plaintiff consistent with the procedure described in the order to show cause, but Plaintiff did not answer.  The Court left a voicemail message with the direct telephone number to reach the Court and asked Plaintiff to call back to make his appearance, but he never responded.

//
//
//
//
//
//
//
//

Plaintiff has failed to make any of his court-ordered appearances, respond to opposing counsel's communications, and otherwise participate in this litigation. The Court finds that Plaintiff has demonstrated that he is unable or unwilling to adequately prosecute this case. Accordingly, the Court DISMISSES this action WITHOUT PREJUDICE. The clerk shall close the file and terminate all pending motions. Should Plaintiff choose to refile his claims, the Court strongly encourages him to consult with the *pro se* Legal Help Center, either by calling 415-782-8982 or by signing up in the appointment book located on the table outside the door of Room 2796, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED.**

Dated: November 13, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge